IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ARMANDO FAVELA-ROBLES<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:07CV222 DAK |

      This matter is before the court on Petitioner Armando Favela-Robles' Petition under 28 U.S.C. § 2255 to reduce his sentence.  On March 2, 2005, Petitioner was charged with a violation of 8 U.S.C. § 1326(a), Reentry of a Previously Removed Alien.  On September 2, 2005, Petitioner entered a guilty plea.   On December 28, 2005, this court sentenced Petitioner to 46 months imprisonment, and on December 29, 2005, a Judgment in a Criminal Case was entered.

      Petitioner argues that the United States Attorney could offer up to a two-level reduction in sentence if a defendant accepts a final deportation order.  He therefore requests that the court grant him a downward departure.

       "[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

In this case, the Judgment in Petitioner's underlying criminal case was entered on December 29, 2005.   He then had thirty days to file an appeal, which he chose not to do.  Therefore, the Judgment became final on January 28, 2006, and the one-year statute of limitations began to run.   Accordingly, the statute of limitations ran on January 28, 2007.  Petitioner's § 2255 petition, which was filed on March 21, 2007, is therefore time-barred.

Even if this court were to consider Petitioner's petition on its merits, the petition fails.  As suggested by Petitioner, a 1995 memorandum from the United States Attorney General states:

> To obtain stipulations, prosecutors may agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation.  Such downward departure is justified on the basis that it is conduct not contemplated by the guidelines.

The memorandum states that the offense level reduction is left to the discretion of the

prosecutor. The Second Circuit has rejected the argument that the Attorney General's memorandum must be applied to all defendants who consent to deportation, and the court held that application of the reduction was in the discretion of the court. *United States v. Zapata*, 135 F.3d 844, 848 (2d Cir. 1998). Thus, even if Petitioner agreed to a deportation order and the United States Attorney recommended a reduction (neither of which is evident from the record), such a reduction would have been within the discretion of the court. There is nothing about Petitioner's sentence that was imposed in violation of the Constitution or laws of the United States. In addition, the court had jurisdiction to impose such a sentence , and the sentence was well short of the 20-year maximum sentence authorized by law. Thus, Petitioner's § 2255 Petition fails.

Accordingly, for the reasons stated above, Petitioner's Petition under 28 U.S.C. § 2255 is DISMISSED with prejudice.

DATED this 24th day of April, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge